(52 Misc. Rep. 54)

### McCONIHE v. GIES et al.

(Supreme Court, Special Term, New York County. November, 1906.)

SUBROGATION—GROUND OF OPPOSITION.

> Where the owner of mortgaged realty devised it to her husband for life, with remainder to her children, and on attempt to sell the same the purchaser refused to take title on the ground that the power of sale given the executor was invalid, but offered to take title if the heirs would execute a deed to him, which they refused, and one of them thereupon brought partition, and at request of plaintiff in the partition suit and the life tenant an action was brought to foreclose the mortgage that the property might be sold in accordance with the wishes of the executor, a motion by one of the heirs, defendant in foreclosure, to compel an assignment of the mortgage to him for his special benefit, should be denied, on stipulations by plaintiff in foreclosure to take no further action pending the partition suit.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Subrogation, § 104.]

Action by Warren McConihe against Bernhard Gies and others. Motion to compel assignment of mortgage denied.

Action by the plaintiff to foreclose a mortgage, made in 1885 by Lisette Gies, covering 326 East Sixty-Sixth street, New York City. Lisette Gies died in 1885, possessed of the mortgaged premises, and in her last will and testament, admitted to probate in the New York county surrogate's office, she devised this real estate, subject to this mortgage, to her husband, Bernhard Gies, for life, and after his death to her eight children, share and share alike, and she appointed her husband executor with power to sell. In 1906 the executor contracted to sell the property under this power of sale, but the vendee refused to take title, claiming the power of sale was invalid. The executor received a desirable offer for the premises from this proposed vendee, who finally stated he would take title if all the heirs would execute a deed thereof to him. This they refused to do. The father, Bernhard, then requested one of his children to bring a partition suit for the sale of this property. This was done, and is now being contested and defended by Joseph Gies, one of the sons of the testatrix and the same person who is now moving this court to compel an assignment of the mortgage to him. After an answer was interposed in the partition suit, the husband and life tenant and also his daughter (plaintiff in partition) requested this plaintiff to bring this action in foreclosure, in order that the property might be sold in accordance with the wishes of the executor and to avoid complications arising by reason of the contract of sale. The executor claims that the property at the present time will bring a substantially higher price than it will a few months later. It is 16 feet and 8 inches wide by 100 feet deep, and large building operators have bought the premises on each side of it and in the rear, and are about to erect large apartment houses about it, cutting off the light and air from this mortgaged property. These contractors have taken an assignment of the contract of sale, and, if title can be immediately obtained to the property in question by them, they will, in order to make but one large apartment, instead of two, pay a price largely in excess of its present value. The son of the testatrix and also some of the other brothers and sisters, desire to prevent the sale of this property. The life tenant and the daughter bringing the partition action oppose the son's motion to compel an assignment of this mortgage to him, and ask the

court to allow the plaintiff, Warren McConihe, in the foreclosure action, to hold the mortgage. Said McConihe stated in open court that he would not take any further steps in the foreclosure action until the determination of the partition suit.

Warren McConihe, for plaintiff and for defendants Bernhard Gies and Elizabeth Gies Meyer.

Louis Wendel, Jr., for defendant Joseph Gies.

BISCHOFF, J. The moving defendant seeks an assignment of the mortgage, not for the actual protection of his interests in the foreclosure suit, but to give him an advantage in controlling the ultimate disposal of the property as against other parties equally interested. The court has discretion to refuse subrogation, when sought by motion in the action for foreclosure (McLean v. Tompkins, 18 Abb. Pr. 24); and the facts before me lead to the conclusion that the motion should be denied, upon the plaintiff stipulating to take no further proceedings in this action pending the termination of the partition suit.

Ordered accordingly.